[No. B123081. Second Dist., Div. One. Jan. 19, 1999.]

THE PEOPLE, Plaintiff and Appellant, v.
WILLIAM LOUIS LYNCH, Defendant and Respondent.

**COUNSEL**

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, W. Scott Thorpe and Janet Gaard, Deputy Attorneys General, for Plaintiff and Appellant.

Larry M. Baker for Defendant and Respondent.

**OPINION**

**VOGEL (Miriam A.), J.**—In 1994, William L. Lynch was charged with eight counts of lewd conduct with a child, all of which allegedly occurred

between 1965 and 1972. Lynch demurred, contending the three-year statute of limitations in effect at the time of the charged offenses had long since expired, and that it could not be revived by a 1994 amendment extending the period of limitations to one year from the date the charged offenses were first reported to a law enforcement agency. The demurrer was overruled but Lynch's petition for a writ of mandate was granted by Division Four of our court on the ground that the attempted extension of the expired period of limitations violated Lynch's constitutional protection from the ex post facto application of a new law. The Supreme Court denied review. In 1997, the Legislature again amended the statute of limitations. The day after the effective date of the amendment, Lynch was charged once again with the same offenses dismissed by Division Four. Lynch demurred, successfully, and the superior court thereafter denied the People's motion for an order directing the magistrate to reinstate the complaint. The People now appeal, contending the 1997 amendment "overrules" Division Four's decision. We disagree.

We express no opinion about the validity of the 1997 amendment as it might be applied to other persons. As we will explain, however, the 1997 amendment—as applied to Lynch—constitutes an unconstitutional (and therefore impermissible) effort by the Legislature to readjudicate a controversy that has been litigated in our courts and resolved by a final judicial judgment.

## FACTS

By an information filed on March 21, 1994, Lynch was charged with eight counts of violating subdivision (a) of Penal Code section 288[1] on specified dates between 1965 and 1972, with an allegation that the offenses were first reported to law enforcement in July 1993, within one year prior to the filing of the felony complaint. At the time the charged offenses were allegedly committed, the applicable statute of limitations was three years (former § 800), which expired no later than August 1975.[2] Effective January 1, 1994, the limitations period was extended to one year from the date a person of any

---

[1]All section references are to the Penal Code. Subdivision (a) of section 288 provides: "(a) Any person who willfully and lewdly commits any lewd or lascivious act, including any of the acts constituting other crimes provided for in Part 1, upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony and shall be punished by imprisonment in the state prison for three, six, or eight years."

[2]In 1972, former section 800 provided that "[a]n indictment for any felony, except murder, voluntary manslaughter, involuntary manslaughter, the embezzlement of public money, the acceptance of a bribe by a public official or a public employee, grand theft, a violation of Section 209, forgery, or the falsification of public records, shall be found, an information

age reported to a law enforcement agency that he or she was a victim of specified sex offenses (including section 288) while under the age of eighteen years. (§ 803, subd. (g).)[3]

---

filed, or case certified to the superior court *within three years after its commission.* An indictment for the acceptance of a bribe by a public official or a public employee, a felony, shall be found, an information filed, or case certified to the superior court *within* six years after its commission. An indictment for grand theft, forgery, voluntary manslaughter, or involuntary manslaughter shall be found, an information filed, or case certified to the superior court *within three years after its discovery.*" (Italics added.) (Stats. 1971, ch. 954, § 1, pp. 1860-1861.) During the next eight years, there were four amendments but they made no relevant substantive changes. (Stats. 1975, ch. 1047, § 1, p. 2466; Stats. 1978, ch. 663, § 8, p. 2133; Stats. 1980, ch. 1307, § 2, p. 4422.)

In 1981 (that is, six years after the statute had expired as to Lynch), former section 800 was amended, and for the first time divided into subdivisions. Subject to specified exceptions, subdivision (a) provided a three-year period of limitations for "any felony." Subdivision (b) provided a six-year period of limitations for specified crimes, including violations of section 288. Subdivision (c) provided a "three years after . . . discovery" period of limitations for other specified crimes. (Stats. 1981, ch. 895, § 1, pp. 3413-3414.) Several other amendments followed (Stats. 1981, ch. 901, § 2, p. 3428; Stats. 1981, ch. 909, § 2, p. 3442; Stats. 1981, ch. 1017, § 1.5, p. 3926; Stats. 1982, ch. 583, § 1, p. 2544) until, in 1984, former section 800 (and other related sections) were repealed (Stats. 1984, ch. 1270, § 1, p. 4335) and new sections were added. (Stats. 1984, ch. 1270, § 2, p. 4335.)

The 1984 version of section 801 provided (and continues to provide) that, "[e]xcept as provided in Sections 799 [offenses punishable by death or imprisonment for life or life without the possibility of parole] and 800 [other offenses punishable by imprisonment for eight years or more], prosecution for an offense punishable by imprisonment in the state prison shall be commenced within three years after commission of the offense." (Stats. 1984, ch. 1270, § 2, p. 4335.) Section 801 continued the substance of subdivision (a) of former section 800, providing a three-year period of limitations for all felonies not otherwise covered by an exception. (Cal. Law Revision Com. com., 1984 Addition, 50 West's Ann. Pen. Code (1985 ed.) § 801, p. 195.) The 1984 version of section 800 continued the substance of subdivision (b) of former section 800, providing a six-year period of limitations for certain specified felonies, a list that *no longer included violations of section 288.* (Cal. Law Revision Com. com., 1984 Addition, 50 West's Ann. Pen. Code (1985 ed.) § 800, p. 193.) Thus, with the 1984 amendment, violations of section 288 were again covered by a three-year period of limitations. Since 1984, there have been no further amendments to sections 800 or 801—although, as will appear, other related sections have been added and amended.

[3]Section 803 provides for the tolling or extension of time periods and the revival of a cause of action under specified circumstances. Subdivision (g), as it became effective in 1994, provided:

"(g) Notwithstanding any other limitation of time described in this section, a criminal complaint may be filed within one year of the date of a report to a law enforcement agency by a person of any age alleging that he or she, while under the age of 18 years, was the victim of a crime described in Section 261, 286, 288, 288a, 288.5, 289, or 289.5. This subdivision shall apply only if both of the following occur:

"(1) The limitation period specified in Section 800 or 801 has expired.

"(2) The crime involved substantial sexual conduct, as described in subdivision (b) of section 1203.066, excluding masturbation which is not mutual, and there is independent evidence that clearly and convincingly corroborates the victim's allegation. No evidence may be used to corroborate the victim's allegation which would otherwise be inadmissible during

Lynch demurred to the information, asserting that any revival or extension of the original limitations period *after* it expired in 1975 would constitute a constitutionally impermissible ex post facto application of the law. The trial court overruled the demurrer. Lynch then filed a petition for a writ of mandate, which was granted by Division Four of our court for two separate and independent reasons. First, Division Four held that, as applied to Lynch, section 803, subdivision (g), operated to "extend the already expired three-year limitations period applicable to the charged offenses. This is an ex post facto violation." (*Lynch* v. *Superior Court* (1995) 33 Cal.App.4th 1223, 1227 [39 Cal.Rptr.2d 414].) Second, Division Four held that subdivision (c)(1) of section 805.5 barred application of subdivision (g) of section 803 to Lynch.[4] (*Lynch* v. *Superior Court, supra,* 33 Cal.App.4th at p. 1228.) The Supreme Court denied review, and the charges against Lynch were dismissed. (*Id.* at p. 1229.)[5] The dismissal became final on May 25, 1995. (Rule 24, Cal. Rules of Court.)

Effective June 30, 1997, the Legislature again amended subdivision (g) of section 803.[6] The next day (on July 1), the People filed a new complaint charging Lynch with the same previously dismissed violations of section 288, subdivision (a). Lynch demurred, and the magistrate sustained the demurrer. The People moved in superior court for reinstatement of the complaint (§ 871.5). That motion was denied, and the People now appeal.

trial. Independent evidence does not include the opinions of mental health professionals." (Stats. 1993, ch. 390, § 1.)

[4]Section 805.5 provides (as it did then):

"(a) As used in this section, 'operative date' means January 1, 1985.

"(b) Except as provided in subdivision (c), this chapter applies to an offense that was committed before, on, or after the operative date.

"(c) This chapter does not apply, and the law applicable before the operative date does apply, to an offense that was committed before the operative date, if:

"(1) Prosecution for the offense would be barred on the operative date by the limitation of time applicable before the operative date.

"(2) Prosecution for the offense was commenced before the operative date."

[5]In *People* v. *Bunn* (1997) 53 Cal.App.4th 227, 232-239 [61 Cal.Rptr.2d 734], Division Three of the First District reached the same result as *Lynch*. The ex post facto issue is presently pending before our Supreme Court in *In re Davis* (S062716, app. pending), and *People* v. *Frazer* (S067443, app. pending). (See also *People* v. *Lee* (1998) 63 Cal.App.4th 1014 [74 Cal.Rptr.2d 414], review granted July 29, 1998 (S071007).)

[6]Subdivision (g) of section 803 now provides:

"(g) (1) Notwithstanding any other limitation of time described in this chapter, a criminal complaint may be filed within one year of the date of a report to a California law enforcement agency by a person of any age alleging that he or she, while under the age of 18 years, was the victim of a crime described in Section 261, 286, 288, 288a, 288.5, 289, or 289.5.

"(2) This subdivision applies only if both of the following occur:

"(A) The limitation period specified in Section 800 or 801 has expired.

"(B) The crime involved substantial sexual conduct, as described in subdivision (b) of Section 1203.066, excluding masturbation that is not mutual, and there is independent evidence that clearly and convincingly corroborates the victim's allegation. No evidence may

DISCUSSION

■ As our Supreme Court explained in *Superior Court* v. *County· of Mendocino* (1996) 13 Cal.4th 45, 53-54 [51 Cal.Rptr.2d 837, 913 P.2d 1046], the Legislature may put reasonable restrictions upon the constitutional functions of the courts—provided that such legislatively imposed restrictions do not defeat or materially impair the exercise of the courts' functions. But one of the things the Legislature *cannot* do is to "undertake to readjudicate controversies that have been litigated in the courts and resolved by final judicial judgment." (*Id.* at p. 53; see also *Mandel* v. *Myers* (1981) 29

---

be used to corroborate the victim's allegation that otherwise would be inadmissible during trial. Independent evidence does not include the opinions of mental health professionals.

"(3) (A) This subdivision applies to a cause of action arising *before,* on, or after January 1, 1994, the effective date of this subdivision, and it shall revive any cause of action barred by Section 800 or 801 if *any* of the following occurred or occurs:

"(i) The complaint or indictment was filed on or before January 1, 1997, and it was filed within the time period specified in this subdivision.

"(ii) The complaint or indictment is or was *filed subsequent to January 1, 1997,* and it is or was filed within the time period specified within this subdivision.

"(iii) The victim made the report required by this subdivision to a law enforcement agency after January 1, 1994, and a complaint or indictment was not filed within the time period specified in this subdivision, but a complaint or indictment is filed no later than 180 days after the date on which either a published opinion of the California Supreme Court, deciding the question of whether retroactive application of this subdivision is constitutional, becomes final or the United States Supreme Court files an opinion deciding the question of whether retroactive application of this subdivision is constitutional, whichever occurs first.

"(iv) *The victim made the report required by this subdivision to a law enforcement agency after January 1, 1994, and a complaint or indictment was filed within the time period specified in this subdivision, but the indictment, complaint, or subsequently filed information was dismissed, but a new complaint or indictment is filed no later than 180 days after the date on which either a published opinion of the California Supreme Court, deciding the question of whether retroactive application of this subdivision is constitutional, becomes final or the United States Supreme Court files an opinion deciding the question of whether retroactive application of this subdivision is constitutional, whichever occurs first.*

"(B) (i) If the victim made the report required by this subdivision to a law enforcement agency after January 1, 1994, and a complaint or indictment was filed within the time period specified in this subdivision, but the indictment, complaint, or subsequently filed information was dismissed, a new complaint or indictment may be filed notwithstanding any other provision of law, including, but not limited to, subdivision (c) of Section 871.5 and subdivision (b) of Section 1238.

"(ii) An order dismissing an action filed under this subdivision, which is entered or becomes effective at any time prior to 180 days after the date on which either a published opinion of the California Supreme Court, deciding the question of whether retroactive application of this section is constitutional, becomes final or the United States Supreme Court files an opinion deciding the question of whether retroactive application of this subdivision is constitutional, whichever occurs first, shall not be considered an order terminating an action within the meaning of Section 1387.

"(iii) Any ruling regarding the retroactivity of this subdivision or its constitutionality made in the course of the previous proceeding, by any trial court or any intermediate appellate court, shall not be binding upon refiling." (Italics added.)

Cal.3d 531, 546-549 [174 Cal.Rptr. 841, 629 P.2d 935].) This is so because the fundamental separation of powers doctrine embodied in article III, section 3 of the California Constitution forbids any such legislative usurpation of traditional judicial authority by providing that "[t]he powers of state government are legislative, executive, and judicial. Persons charged with the exercise of one power may not exercise either of the others except as permitted by [the California] Constitution."

"Our Constitution assigns the resolution of such specific controversies to the judicial branch of government (Cal. Const., art. VI, § 1) and provides the Legislature with no authority to set itself above the judiciary by discarding the outcome or readjudicating the merits of particular judicial proceedings. As [our Supreme Court] emphasized more than a century ago in the case of *Pryor* v. *Downey* (1875) 50 Cal. 388, 405: '[H]ad the Legislature gone one step further and, by special enactment . . . commanded the courts which had rendered a judgment in favor of a plaintiff . . . to set it aside and to enter a judgment for the defendant, such arbitrary attempt would, at once, have been recognized as an abuse not to be tolerated under our free constitution of government.' " (*Mandel* v. *Myers, supra,* 29 Cal.3d at p. 547.)

The same can be said of this case, and the People's arguments to the contrary do no more than demonstrate an unwillingness to recognize the further prosecution of Lynch for what it is—a legislative command to the trial and appellate courts to set aside the judgment of dismissal entered in favor of Lynch when Division Four's decision became final. Such a command is beyond the power of the Legislature. However broad the Legislature's constitutional power may be, it does not include the right to review and readjudicate final court judgments on a case-by-case basis. Indeed, any other conclusion would "completely deprive court judgments of the respect and deference which the Constitution contemplates each branch of government [would] accord to final actions within the jurisdiction of a coequal branch, and would repose in the Legislature a combination of powers that the constitutional draftsmen specifically intended to forestall." (*Mandel* v. *Myers, supra,* 29 Cal.3d at p. 549; see also *Oppenheimer* v. *Ashburn* (1959) 173 Cal.App.2d 624, 631 [343 P.2d 931] ["the doctrine of judicial supremacy as to the constitutionality of acts of the Legislature is basic to our concept of government"].)

In short, whatever power the Legislature may have to reject judicial decisions with which it disagrees and to make new laws to *prospectively* abrogate the effect of those decisions (*Mendly* v. *County of Los Angeles* (1994) 23 Cal.App.4th 1193, 1212 [28 Cal.Rptr.2d 822]; *Serrano* v. *Priest* (1982) 131 Cal.App.3d 188, 200-201 [182 Cal.Rptr. 387]; *Matter of Coburn*

(1913) 165 Cal. 202, 210 [131 P. 352]), the Legislature does not have the power to readjudicate Division Four's final decision in *Lynch* v. *Superior Court, supra,* 33 Cal.App.4th 1223, *as that decision affects Lynch.* Since the People concede that the charges before us on this appeal are the very same charges dismissed by Division Four in *Lynch* v. *Superior Court, supra,* 33 Cal.App.4th 1223, we do not reach the "ex post facto" or "law of the case" issues discussed in the People's briefs, leaving those issues for another day and another defendant.

### DISPOSITION

The judgment (order) is affirmed.

Spencer, P. J., and Dunn, J.,* concurred

Appellant's petition for review by the Supreme Court was denied May 12, 1999. Chin, J., and Brown, J., were of the opinion that the petition should be denied.

---

*Judge of the Municipal Court for the Long Beach Judicial District, assigned by the Chief Justice pursuant to article VI, section 6, of the California Constitution.