115 Cal.Rptr.2d 214 (2002)
27 Cal.4th 29
37 P.3d 398
The PEOPLE, Plaintiff and Appellant,
v.
Phillip R. KING, Defendant and Respondent.
No. S085942.
Supreme Court of California.
January 10, 2002.
Daniel E. Lungren and Bill Lockyer, Attorneys General, George Williamson and David P. Druliner, Chief Assistant Attorneys General, Robert R. Anderson, Assistant Attorney General, W. Scott Thorpe and Janet Gaard, Deputy Attorneys General, for Plaintiff and Appellant.
Scott Concklin, under appointment by the Supreme Court, for Defendant and Respondent.
BAXTER, J.
Both People v. Bunn, 27 Cal.4th 1, 115 Cal.Rptr.2d 192, 37 P.3d 380 (2002) (Bunn), and this case involve successive versions of a law increasing the time for prosecuting sex crimes against minors, and allowing the refiling of accusatory pleadings previously dismissed as time-barred by the courts. (Pen.Code, § 803, subd. (g) *215 (section 803(g)).)[1] These two companion cases address the circumstances under which such a refiling provision supplants final judgments, and thus invades the judicial power in violation of the separation of powers clause of the California Constitution (art. III, § 3). In analyzing that issue, we find persuasive for California purposes the federal separation of powers principles recently explained in Plaut v. Spendthrift Farm, Inc. (1995) 514 U.S. 211, 115 S.Ct. 1447, 131 L.Ed.2d 328 (Plaut).
Consistent with Plaut, we held in Bunn, supra, 27 Cal.4th 1, 115 Cal.Rptr.2d 192, 37 P.3d 380 that separation of powers principles preclude retroactive application of refiling legislation in cases where the prior judgment of dismissal was entered or finally upheld before the legislation took effect. However, as explained in both Plaut, supra, 514 U.S. 211, 115 S.Ct. 1447, 131 L.Ed.2d 328, and Bunn, supra, 27 Cal.4th 1, 115 Cal.Rptr.2d 192, 37 P.3d 380 the finality of any court proceeding is properly subject to legislative conditions and limits which were already in effect when the last judicial act in the case became conclusive.
Hence, Bunn found no constitutional bar against use of a refiling provision that was already in effect when the prior dismissal in that case was finally upheld at the appellate level. We identified no separation of powers problem in Bunn itself, because the reinstituted complaint satisfied refiling conditions in existence under section 803(g)and therefore incorporated into the prior dismissal itselfwhen that dismissal was ultimately affirmed on appeal.
The present case involves a materially distinct set of circumstances. The refiling at issue here is authorized, if at all, only under refiling requirements that first appeared in the statute after the prior judgment of dismissal was finally upheld. Application of these later-adopted refiling provisions would retroactively reopen the case and divest the judgment of the finality it had achieved under the law in existence at the time. We therefore find a separation of powers violation here under the test adopted in Bunn, supra, 27 Cal.4th 1, 115 Cal.Rptr.2d 192, 37 P.3d 380.

I. Procedural Background
In a complaint filed in Placer County Municipal Court on May 25, 1995, Phillip R. King (defendant)[2] was charged with four counts of lewd conduct committed upon an underage child between September 1, 1971, and June 30, 1973 (the 1995 complaint). (§ 288, subd. (a).) Because the statute of limitations otherwise applicable to these charges had long since expired (see §§ 800, 801), the People relied on the supplemental limitations period available in child molestation prosecutions under section 803(g), effective January 1, 1994. (Stats.1993, ch. 390, § 1, p. 2226.) Consistent with section 803(g), the 1995 complaint alleged, among other things, that it was filed within one year of the time the victim first reported the crimes to law enforcement officials on June 10, 1994. (See Bunn, supra, 27 Cal.4th 1, 6-7, 115 Cal.Rptr.2d 192, 37 P.3d 380.)
Defendant successfully demurred to the 1995 complaint, and the magistrate dismissed the case. The People's subsequent *216 motion to reinstate the 1995 complaint was denied by the superior court. The latter ruling was affirmed on appeal. Finding no clear legislative evidence to the contrary, the Court of Appeal held that the one-year limitations period in section 803(g) was not intended to retroactively revive actions otherwise time-barred before the statute took effect in 1994. The court also assumed a contrary view would raise ex post facto concerns. We granted review on December 11, 1996. However, on April 24, 1997, review was dismissed. We will refer to proceedings based on the 1995 complaint as King I.
The Legislature has amended section 803(g) twice since its enactmentboth before and after the proceedings in King I were complete. First, a 1996 amendment took effect January 1, 1997, and was still in effect in April 1997, when we dismissed review in King I. (Stats.1996, ch. 130, § 1 (the 1996 version or law).) Responding to the statutory analysis contained in King I, and other similar appellate decisions, the 1996 law included new language that expressly "revive[d]" molestation prosecutions even where the limitations period in section 800 or 801 had expired before section 803(g) was enacted. (Former § 803(g)(3)(A) & (B)(i) (1996 version).) With respect to cases brought and dismissed under section 803(g) before such clarifying changes were made, the 1996 version gave prosecutors an additional six-month periodfrom January 1 until June 30, 1997to refile such actions, assuming other requirements were met. (Former § 803(g)(3)(B)(ii) (1996 version); see Bunn, supra, 27 Cal.4th 1, 115 Cal.Rptr.2d 192, 37 P.3d 380.) We will refer to the latter feature as the 1996 refiling provision.
Second, after review had been dismissed in King I, urgency legislation was enacted amending section 803(g) effective June 30, 1997, the same day the six-month period in the 1996 refiling provision expired by its own terms. (Stats. 1997, ch. 29, § 1 (the 1997 version or law).) The 1997 law did not affect language added by the 1996 version concerning the circumstances under which the one-year limitations period revived otherwise time-barred claims. Rather, as pertinent here, the 1997 law gave prosecutors even more time to refile actions dismissed under prior versions of the statute. (§ 803(g)(3)(A)(iv) & (B)(i)-(iii).) The latter featurewhich we will refer to as the 1997 refiling provisionallowed refiling no later than 180 days after a final California or United States Supreme Court decision determined that retroactive application of section 803(g) was constitutional. In August 1999, more than two years after the 1997 refiling provision became effective, we rendered such a decision in People v. Frazer (1999) 21 Cal.4th 737, 88 Cal.Rptr.2d 312, 982 P.2d 180 (Frazer). (See Bunn, supra, 27 Cal.4th 1, 11-12, 115 Cal.Rptr.2d 192, 37 P.3d 380.)
Shortly after the 1997 law took effect, the People proceeded to reinstate this action in municipal court. Specifically, on July 2, 1997, the People filed a new complaint charging defendant in the present case with the same four counts of lewd conduct previously dismissed in King I (the 1997 or refiled complaint). The refiled complaint was amended on October 20, 1997. That amendment made technical changes clarifying the People's reliance on section 803(g)(3)(A)(iv)the refiling provision of the 1997 law.
Defendant demurred arguing, among other things, that the 1997 version of section 803(g) violated separation of powers principles insofar as it permitted the refiling of previously dismissed counts, and thereby voided the judgment in King I. The magistrate sustained the demurrer, *217 and dismissed the case. The superior court denied the People's motion to reinstate the 1997 complaint.
On appeal by the People, the court accepted defendant's renewed separation of powers claim, and affirmed the ruling below. On the one hand, the Court of Appeal opined that section 803(g)'s refiling provisions were an unconstitutional attempt by the Legislature to review and repudiate the specific reasoning and result of King I and similar cases. On the other hand, the Court of Appeal suggested that under no circumstances can legislation limit or restrict the finality of court judgments by specifying that they may be reopened. While passing reference was made to Plaut, supra, 514 U.S. 211, 115 S.Ct. 1447, 131 L.Ed.2d 328, the Court of Appeal relied primarily on People v. Lynch (1999) 69 Cal.App.4th 313, 81 Cal.Rptr.2d 552 (Lynch), which precluded application, on separation of powers grounds, of the 1997 refiling provision under circumstances similar to those presented here.
We granted the People's petition for review. As in Bunn, supra, 27 Cal.4th 1, 115 Cal.Rptr.2d 192, 37 P.3d 380 the sole question is the constitutionality of section 803(g)'s refiling provisions under the separation of powers doctrine in article III, section 3 of the state Constitution.

II. Discussion
Here, as below, the People claim there is no separation of powers violation because the Legislature has not itself performed the core deliberative function of the judicial branch. According to the People, nothing in section 803(g)'s refiling provisions shows that lawmakers believed King I and similar cases were wrongly decided under the law as it then existed. The People also observe that section 803(g) does not dictate the manner in which courts should adjudicate refiled counts. The People insist that the 1997 refiling provision used here simply creates a more uniform statute of limitations, and ensures molesters are prosecuted even where they obtained a dismissal before the statute's retroactivity was clarified in 1996, or before its constitutionality was upheld in Frazer, supra, 21 Cal.4th 737, 88 Cal. Rptr.2d 312, 982 P.2d 180.
For reasons we explain, and guided by today's decision in Bunn, supra, 27 Cal.4th 1, 115 Cal.Rptr.2d 192, 37 P.3d 380, we reject the People's conclusion that the Court of Appeal erred in disallowing the instant refiled complaint on separation of powers grounds. However, we do not accept the reasoning proffered by either the People or the Court of Appeal. We agree with the People that the challenged statute does not seek to review the substance of court decisions or to control the outcome of judicial proceedings (id. at p. 25, fn. 15, 115 Cal.Rptr.2d 192, 37 P.3d 380), but we disagree that the statute thus necessarily survives separation of powers scrutiny. Unlike the Court of Appeal, we do not believe that legislation can never authorize the reopening of a judgment or the reinstatement of a dismissed action. Rather, as made clear in Bunn at pages 24, 25, 115 Cal.Rptr.2d 192, 37 P.3d 380, legislation permitting a judgment to be reopened may apply if, but only to the extent that, such legislation was already in effect when the prior judgment was entered or finally upheld.
In Bunn, supra, 27 Cal.4th 1, 14-17, 115 Cal.Rptr .2d 192, 37 P.3d 380, we reviewed the manner in which separation of powers principles generally protect the judicial branch from encroachment by the Legislature. In particular, the state Constitution establishes an independent judiciary whose core function is to resolve disputes among specific parties by decisions that are final *218 to the extent set forth under then existing law. The Legislature makes the laws to be interpreted and applied by the judiciary, including the existence and nature of any criminal statute of limitations and any retroactive changes thereto. However, with respect to laws passed after the judicial branch has completed its review in a particular matter, the Legislature "cannot `readjudicat[e]' or otherwise `disregard' judgments that are already `final.'" (Id. at pp. 17-22, 115 Cal.Rptr.2d 192, 37 P.3d 380.)
As discussed more fully in Bunn, supra, 27 Cal.4th 1, 17-22, 115 Cal.Rptr.2d 192, 37 P.3d 380, the high court's decision in Plaut, supra, 514 U.S. 211, 115 S.Ct. 1447, 131 L.Ed.2d 328, helps determine the constitutionality of section 803(g)'s refiling provisions under the foregoing principles. Plaut invalidated congressional legislation which retroactively increased a civil statute of limitations, and which directed federal courts to reinstate actions that had been dismissed as time-barred before the law took effect. (Id. at pp. 214-215, 217-218, 240, 115 S.Ct. 1447.) Relying on the federal separation of powers doctrine, Plaut held that judgments cannot be deprived of their "finality" through statutory conditions not in effect when the judicial branch gave its "last word" in the particular case. (Id. at p. 227, 115 S.Ct. 1447.) Plaut recognized that final judgments are entitled to such protection notwithstanding the legal or policy basis on which Congress has sought to retroactively reopen the proceedings. (Id. at pp. 228, 230, 115 S.Ct. 1447.)
On the other hand, Plaut acknowledged that the "finality" of a judgment is subject to any conditions and limitations which the legislative branch has already imposed. Hence, separation of powers principles are not offended by the application of reopening provisions that were already in effect when the matter was previously determined. (Plaut, supra, 514 U.S. 211, 234, 115 S.Ct. 1447, 131 L.Ed.2d 328.)
In Bunn, supra, 27 Cal.4th 1, 14-17, 115 Cal.Rptr.2d 192, 37 P.3d 380, we found that Plaut, supra, 514 U.S. 211, 115 S.Ct. 1447, 131 L.Ed.2d 328, is consistent with California law, and is persuasive in determining when the state separation of powers clause prohibits statutory changes in the law of judgment finality. Accordingly, Bunn adopted the following rule for purposes of resolving such state constitutional claims:
"[A] refiling provision like section 803(g) cannot be retroactively applied to subvert judgments that became final before the provision took effect, and before the law of finality changed. This ban applies even where lawmakers have acted for `the very best of reasons' (Plaut, supra, 514 U.S. 211, 228, 115 S.Ct. 1447, 131 L.Ed.2d 328, italics omitted), and whether or not legislative disagreement with the `legal rule' underlying the judgment has been expressed (id. at p. 230, 115 S.Ct. 1447). By the same token, a judgment is not final for separation of powers purposes, and reopening of the case can occur, under the specific terms of refiling legislation already in effect when the judicial branch completed its review and ultimately decided the case. Such nonretroactive limitations on judgment finality are constitutionally allowed." (Bunn, supra, 27 Cal.4th 1, 22-25, 115 Cal.Rptr.2d 192, 37 P.3d 380.)
Bunn also described the manner in which this rule applies under specific circumstances. For example, in May 1997, when the prior judgment became final in Bunn, the 1996 version of section 803(g) was in effect, including its requirement that actions previously dismissed under the statute could be refiled if refiling occurred no later than June 30, 1997. (See *219 former § 803(g)(3)(B)(ii) (1996 version).) The People met this deadline and satisfied the 1996 law in all other respects when they resubmitted the complaint in Bunn, supra, 27 Cal.4th 1, 115 Cal.Rptr.2d 192, 37 P.3d 380. Hence, no separation of powers violation occurred. (Id. at pp. 26-27, 115 Cal.Rptr.2d 192, 37 P.3d 380.)
However, Bunn distinguished the situation in which "the prior dismissal was entered or finally upheld when one version of section 803(g) was in effect (e.g., the 1996 refiling provision), but the reinstituted complaint complies only with a later version (e.g., the 1997 refiling provision) which became effective after the prior dismissal was entered or finally upheld. In that circumstance, use of the later law constitutes an impermissible retroactive attack on a judgment constitutionally subject to reopening only under the earlier law." (Bunn, supra, 27 Cal.4th 1, 115 Cal.Rptr.2d 192, 37 P.3d 380.)
Such is the case here. The judgment in King I became final in the separation of powers sense in April 1997, when this court dismissed review. At that time, the six-month refiling period contained in the 1996 version of section 803(g) was in effect. Indeed, because the 1996 refiling provision was operative until June 30, 1997, the People had more than two months to invoke it against defendant. However, it was not until July 2, 1997a few days after the 1996 refiling provision expired and the 1997 law took effectthat charges were refiled and the instant prosecution began.
For reasons we have explained, however, the 1997 refiling provision cannot be retroactively applied in this case to allow the refiling of charges that had been dismissed, at both the trial and appellate levels, before the 1997 provision became effective. It follows that the refiling at issue here was constitutionally invalid.
Our conclusion, if not our reasoning, conforms with that of the appellate court in this case. Of course, the Court of Appeal did not have the benefit of Bunn, supra, 27 Cal.4th 1, 115 Cal.Rptr.2d 192, 37 P.3d 380, or fully anticipate Bunn's analysis in this regard. Nevertheless, the Court of Appeal reached the correct result in refusing to order reinstatement of the refiled complaint on separation of powers grounds. The court's reliance on Lynch, supra, 69 Cal.App.4th 313, 81 Cal.Rptr.2d 552, also was not misplaced. (Bunn, supra, 27 Cal.4th 1, fn. 17, 115 Cal.Rptr.2d 192, 37 P.3d 380.)

III. Disposition
The judgment of the Court of Appeal is affirmed.
WE CONCUR: GEORGE, C.J., KENNARD, WERDEGAR, CHIN, BROWN, and MORENO, JJ.
NOTES
[1] All further unlabeled statutory references are to the Penal Code.
[2] We spell defendant's first name as it has appeared on his pleadings and briefs throughout this case"Phillip." Both the Court of Appeal and the People have used a slightly different formulation.