**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Braden,* Slip Opinion No. 2019-Ohio-4204.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-4204

THE STATE OF OHIO, APPELLEE, *v.* BRADEN, APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Braden,* Slip Opinion No. 2019-Ohio-4204.]**

*Criminal law—Sentencing—R.C. 2947.23(C) authorizes trial courts to waive, suspend or modify the payment of court costs imposed both before and after its effective date, March 22, 2013—R.C. 2947.23(C) provides exception to res judicata when a defendant did not request waiver at sentencing or challenge court costs on direct appeal—R.C. 2947.23(C) does not require retroactive application for it to apply to offenders whose convictions were final before its enactment—Motion for reconsideration granted, court of appeals' judgment reversed, and cause remanded.*

(Nos. 2017-1579 and 2017-1609—Submitted March 5, 2019—

Decided October 16, 2019.)

APPEAL from and CERTIFIED by the Court of Appeals for Franklin County,

No. 17AP-48, 2017-Ohio-7903.

ON MOTION FOR RECONSIDERATION.

_____

**FRENCH, J.**

{¶ 1} Appellant, David L. Braden, has asked this court to reconsider our decision in *State v. Braden*, __ Ohio St.3d __, 2018-Ohio-5079, __ N.E.3d __ ("*Braden I*"). Appellee, the state of Ohio, opposes that request.

{¶ 2} Effective March 22, 2013, the General Assembly enacted R.C. 2947.23(C), which provides that a trial court "retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution * * * at the time of sentencing or at any time thereafter." 2012 Sub.H.B. No. 247. Here, we consider whether the statute applies to offenders, like Braden, who were sentenced before R.C. 2947.23(C) became effective. In *Braden I*, we held that the General Assembly did not expressly make R.C. 2947.23(C) retroactive and that with respect to costs imposed before the enactment of R.C. 2947.23(C), an offender must have sought waiver of the costs at sentencing, the trial court lacks jurisdiction to reconsider its own final order, and res judicata bars any collateral attack on that order. *Id.* at ¶ 3, 20-21, 23-24.

{¶ 3} Braden contends that we obviously misconstrued R.C. 2947.23(C)'s plain language. He also contends that *Braden I* is inconsistent with our decision in *State v. Thompson*, 147 Ohio St.3d 29, 2016-Ohio-2769, 59 N.E.3d 1264, in which we considered a similar statute. This court agrees and grants Braden's motion for reconsideration. We now hold that neither R.C. 2947.23(C) nor this court's precedent precludes trial courts from waiving, suspending or modifying court costs imposed before the effective date of R.C. 2947.23(C). Accordingly, we vacate our decision in *Braden I*, answer the certified-conflict question in the affirmative, reverse the judgment of the Tenth District Court of Appeals, and remand the case to the court of appeals for consideration of the substance of Braden's claim that the trial court erred in denying his motion to waive his court costs.

## FACTS AND PROCEDURAL HISTORY

{¶ 4} In 1999, the Franklin County Court of Common Pleas sentenced Braden to death following his convictions for two counts of aggravated murder with death-penalty specifications. *State v. Braden*, 98 Ohio St.3d 354, 2003-Ohio-1325, 785 N.E.2d 439, ¶ 2-3, 33. Pertinent here, the trial court also ordered Braden to pay court costs. *Id.* at ¶ 33.

{¶ 5} In 2003, we affirmed Braden's convictions and death sentences. *Id.* at ¶ 163. The Supreme Court of the United States denied certiorari. *Braden v. Ohio*, 540 U.S. 865, 124 S.Ct. 182, 157 L.Ed.2d 119 (2003). The trial court denied postconviction relief, and the Tenth District Court of Appeals affirmed. 10th Dist. Franklin No. 02AP-954, 2003-Ohio-2949. We denied Braden's request for review. 100 Ohio St.3d 1431, 2003-Ohio-5396, 797 N.E.2d 511.

{¶ 6} In November 2016, Braden asserted his indigence and filed a motion asking the trial court to waive his court costs. Alternatively, he asked the trial court to order the prison to keep at least $400 in his prison account or allow him to enter a payment plan of $3 a month. The state opposed the motion, and the trial court summarily denied it.

{¶ 7} The Tenth District affirmed, holding that when a judgment of conviction became final before the effective date of R.C. 2947.23(C), the trial court could not "retain jurisdiction" to waive costs, because it did not have the authority to do so at sentencing. 2017-Ohio-7903, ¶ 7-8. Because Braden's convictions and sentence, including the order to pay costs, became final well before the General Assembly enacted R.C. 2947.23(C), res judicata barred Braden's waiver request. *Id.* at ¶ 8.

{¶ 8} This court accepted Braden's discretionary appeal on the following proposition of law: "A trial court has jurisdiction, pursuant to the current version of R.C. 2947.23(C), to waive, modify or suspend court costs for those cases in which the defendant's conviction and sentence became final prior to the enactment

of R.C. 2947.23(C)." *See* 151 Ohio St.3d 1526, 2018-Ohio-557, 91 N.E.3d 758. We also recognized that the Tenth District's judgment conflicts with judgments of the Second and Eighth District Courts of Appeals, and we agreed to answer the following certified-conflict question: " 'Does a trial court have jurisdiction, pursuant to the current version of R.C. 2947.23(C), to waive, modify or suspend court costs for those cases in which the defendant's conviction and sentence became final prior to the enactment of * * * R.C. 2947.23(C)?' " 151 Ohio St.3d 1523, 2018-Ohio-557, 91 N.E.3d 756, quoting the court of appeals' November 2, 2017 entry.

## BRADEN'S MOTION FOR RECONSIDERATION IS GRANTED

{¶ 9} A party to a case may ask this court to reconsider a decision on the merits. S.Ct.Prac.R. 18.02(B)(4). We will grant a motion for reconsideration to correct a decision that, upon reflection, we deem to have been made in error. *State ex rel. Huebner v. W. Jefferson Village Council*, 75 Ohio St.3d 381, 383, 662 N.E.2d 339 (1995). But we will not grant reconsideration when a movant merely reargues the case. *Dublin City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 139 Ohio St.3d 212, 2014-Ohio-1940, 11 N.E.3d 222, ¶ 9; S.Ct.Prac.R. 18.02(B). This court holds that Braden has not merely reargued his case and that *Braden I* was decided in error.

{¶ 10} Braden argues, in part, that our decision in *Braden I* is inconsistent with our recent decision in *Thompson*, 147 Ohio St.3d 29, 2016-Ohio-2769, 59 N.E.3d 1264. In *Thompson*, we considered former R.C. 2929.19(B)(2)(g)(iii) (now codified elsewhere in R.C. 2929.19(B)(2)), which gives a trial court the authority to correct errors in its award of jail-time credit and contains language very similar to R.C. 2947.23(C). Former R.C. 2929.19(B)(2)(g)(iii) stated:

The *sentencing court retains continuing jurisdiction* to correct any error not previously raised at sentencing in making a determination

4

under division (B)(2)(g)(i) of this section. The offender may, *at any time after sentencing*, file a motion in the sentencing court to correct any error made in making a determination under division (B)(2)(g)(i) of this section, and the court may in its discretion grant or deny that motion.

(Emphasis added.) 2012 Am.Sub.S.B. No. 337; *see Thompson* at ¶ 5.

{¶ 11} The proposition of law we considered in *Thompson* asserted that a trial court's order denying a postconviction motion for jail-time credit is a final, appealable order. *Thompson* at ¶ 3. The court of appeals had held that the trial court's order was not appealable. Our primary holding was that such an order is appealable because it is a final order that affects a substantial right in a special proceeding. *Id.* at ¶ 13. But inherent in our decision was the conclusion that Thompson's convictions became final in 2011—before the General Assembly enacted R.C. 2929.19(B)(2)(g)(iii) in 2012, *see id.* at ¶ 1, 12.

{¶ 12} In *Thompson*, the state argued that because Thompson was sentenced in 2011, he could not benefit from a new statute that the General Assembly did not intend to apply retroactively. We effectively rejected that argument when we held that Thompson could avail himself of the new law:

Pursuant to R.C. 2929.19(B)(2)(g)(iii), an offender can file a motion to correct an error in determining jail-time credit "at any time after sentencing" and the sentencing court has authority to correct any error in determining jail-time credit that was "not previously raised at sentencing." Given that this statute was enacted in 2012 and that it created a right that was not otherwise available to an offender who lacked the right to appeal, we conclude that the trial

court's determination of a motion filed under R.C. 2929.19(B)(2)(g)(iii) constitutes a special proceeding.

*Id.* at ¶ 12.

{¶ 13} Although there are subtle differences between the statutory language considered here and that in *Thompson*, the relevant language concerning the trial court's jurisdiction is substantially the same. The statute at issue in *Thompson*, former R.C. 2929.19(B)(2)(g)(iii), specifically provided that at any time after sentencing, the offender may file a motion to correct his jail-time credit and the trial court had continuing jurisdiction to consider it. The statute at issue here, R.C. 2947.23(C), provides that a sentencing court retains jurisdiction to waive court costs at the time of sentencing or at any time thereafter.

{¶ 14} There are no material differences between R.C. 2947.23(C) and former R.C. 2929.19(B)(2)(g)(iii) regarding the trial court's continuing jurisdiction to act. In *Thompson*, we allowed the proceedings to go forward. We do the same here—not just to maintain consistency with our consideration of the issue in *Thompson*. We do so also because as explained below, holding that the trial court in *Thompson* or the trial court here did not have the authority to consider the defendants' motions would defy the plain language of the statutes permitting the motions.

{¶ 15} Braden argues in his motion for reconsideration that our decision in *Braden I* is inconsistent with our recent decision in *Thompson*, and we agree. Although the dissenting opinion in *Braden I* presented that analysis, __ Ohio St.3d __, 2018-Ohio-5079, __ N.E.3d __, at ¶ 39-43, there is no indication in the majority opinion that the majority fully considered and rejected it.

{¶ 16} Braden also argues that *Braden I* was wrongly decided because we misconstrued the plain language of R.C. 2947.23(C) and retroactive application of it is unnecessary. For the reasons explained below, we agree. R.C. 2947.23(C)

6

plainly allows trial courts to waive, suspend or modify court costs imposed before R.C. 2947.23(C)'s effective date, and it need not be applied retroactively to achieve that effect. We therefore grant Braden's motion for reconsideration.

## ANALYSIS

### *Trial courts retain jurisdiction to waive, suspend or modify court costs for offenders whose convictions were final before R.C. 2947.23(C)'s effective date*

**{¶ 17}** In construing a statute, this court's duty is to give effect to the General Assembly's intent as expressed in the language it enacted. *State v. J.M.*, 148 Ohio St.3d 113, 2016-Ohio-2803, 69 N.E.3d 642, ¶ 7. We must read words and phrases in context and give them their common meaning. R.C. 1.42. If the statute is clear, unequivocal, and definite, the interpretative effort ends and we apply the statute accordingly. *Provident Bank v. Wood*, 36 Ohio St.2d 101, 105-106, 304 N.E.2d 378 (1973); *Sears v. Weimer*, 143 Ohio St. 312, 55 N.E.2d 413 (1944), paragraph five of the syllabus.

**{¶ 18}** Effective March 22, 2013, the General Assembly enacted R.C. 2947.23(C) as a part of 2012 Am.Sub.H.B. No. 247. The statute provides that a sentencing court "*retains jurisdiction* to waive, suspend, or modify the payment of the costs of prosecution * * * *at the time of sentencing or at any time thereafter*." (Emphasis added.) At the same time, the General Assembly authorized courts to cancel claims for costs if the costs are uncollectible. All the provisions authorizing the cancelation provide: "If at any time the court finds that an amount owing to the court is due and uncollectible, in whole or in part, the court may direct the clerk of the court to cancel all or part of the claim. The clerk shall then effect the cancellation." R.C. 1901.263 (municipal court); R.C. 1905.38 (mayor's court); R.C. 1907.251 (county court); R.C. 1925.151 (small-claims division); R.C. 2101.165 (probate court); R.C. 2151.542 (juvenile court); R.C. 2303.23 (common pleas court); R.C. 2501.161 (court of appeals); R.C. 2503.18 (supreme court).

**{¶ 19}** Under the plain language of R.C. 2947.23(C), the trial court retained its authority to waive Braden's court costs, despite the fact that Braden was sentenced in 1999. That is because under our precedent, the trial court had the authority to waive Braden's court costs at sentencing. Under R.C. 2947.23(C), the trial court retained that authority and could appropriately exercise it at any time after sentencing.

**{¶ 20}** In *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, we acknowledged that "[d]espite the fact that former R.C. 2947.23 (like current R.C. 2947.23(A)) requires a judge to assess costs against all convicted criminal defendants, this court has held that 'waiver of costs is permitted—but not required—if the defendant is indigent,' " *id.* at ¶ 11, quoting *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 14. "That is, despite the mandatory language of former R.C. 2947.23 requiring the imposition of court costs, a trial court may waive the *payment* of costs." (Emphasis sic.) *Joseph* at ¶ 11, citing *State v. Clevenger*, 114 Ohio St.3d 258, 2007-Ohio-4006, 871 N.E.2d 589, ¶ 4. We further explained that an indigent defendant must request waiver of court costs at the time of sentencing. *Joseph* at ¶ 12, citing *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, paragraph two of the syllabus.

**{¶ 21}** In *Threatt*, this court held that if the defendant moves for waiver, " 'then the issue is preserved for appeal and will be reviewed under an abuse-of-discretion standard. Otherwise, the issue is waived and costs are res judicata.' " *Joseph* at ¶ 12, quoting *Threatt* at ¶ 23. And in *Clevenger*, this court reiterated that a defendant must request waiver at sentencing to prevent res judicata from applying. *Clevenger* at ¶ 5.

**{¶ 22}** At first blush, our decisions in *Threatt* and *Clevenger* appear harmful to Braden's position because they say that if a defendant does not move for waiver at sentencing, he loses his ability to do so and further consideration of the issue is foreclosed by principles of res judicata. But even those decisions, as does *Joseph*,

show that the trial court had the authority to waive Braden's court costs at his 1999 sentencing hearing. *All* the decisions were announced before R.C. 2947.23(C)'s enactment, and *all* of them acknowledge that a trial court could waive the payment of court costs at sentencing before its enactment. *Clevenger* at ¶ 4; *Threatt* at ¶ 23; *Joseph* at ¶ 11; *White* at ¶ 14. Because the trial court had the authority to waive the costs at the time of Braden's sentencing, R.C. 2947.23(C) merely clarified that the trial court retained the authority to waive the costs at any time after sentencing.

**{¶ 23}** To summarize, this court's pronouncements that defendants must request waiver of court costs at the time of sentencing lest res judicata will apply do not change the result in this case. That Braden did not request waiver of his court costs at sentencing does not change what the trial court was permitted to do. R.C. 2947.23(C) specifically says that the trial court "retains jurisdiction" to waive court costs "at the time of sentencing or at any time thereafter." To that end, the statute specifically provides an exception to res judicata when a defendant did not request waiver at sentencing or challenge his court costs on direct appeal.

**{¶ 24}** The Tenth District below and the state have relied heavily on the General Assembly's use of the word "retains." *See* 2017-Ohio-7903 at ¶ 8, citing *State v. Banks*, 10th Dist. Franklin No. 17AP-210, 2017-Ohio-7135, ¶ 10. Other Ohio appellate courts are split on whether R.C. 2947.23(C) applies to costs that were imposed before its enactment. *See, e.g.*, *State v. Powell*, 2d Dist. Montgomery No. 24433, 2014-Ohio-3842, ¶ 20 ("regardless of when court costs were imposed, [the defendant] may ask the trial court, under R.C. 2947.23(C), to waive, suspend, or modify his payment of court costs"); *State v. Hunter*, 8th Dist. Cuyahoga No. 102245, 2015-Ohio-4180, ¶ 12 ("In other words, the plain wording of R.C. 2947.23(C) no longer places limits on when a defendant can seek a waiver, suspension, or modification of court costs"); *State v. Sanders*, 4th Dist. Pickaway No. 16CA25, 2017-Ohio-8088, ¶ 12 (adopting the Tenth District's reasoning in

*Banks* and holding that a trial court cannot "retain" jurisdiction to waive costs when it did not have the authority to waive costs at the time of sentencing).

{¶ 25} In *Braden I*, this court agreed with the Tenth District and the state, explaining that "a trial court cannot 'retain' jurisdiction that it has relinquished" because " 'retain' means 'to hold or continue to hold in possession or use: continue to have, use, recognize, or accept: maintain in one's keeping.' " __ Ohio St.3d __, 2018-Ohio-5079, __ N.E.3d __, at ¶ 21, quoting *Webster's Third New International Dictionary* 1938 (2002). We do not dispute the definition of "retains," but it does not compel the conclusion that R.C. 2947.23(C) applies only to court costs imposed after its enactment. The trial court had the authority to waive Braden's court costs at the time of his sentencing. R.C. 2947.23(C) says that the trial court retained that authority and could waive Braden's costs at any time after sentencing.

### R.C. 2947.23(C) does not require retroactive application for it to apply to offenders whose convictions were final before its enactment

{¶ 26} The state also contends that the legislature did not make R.C. 2947.23(C) expressly retroactive. We agree and acknowledge that without express retroactivity language, we are to presume "that the General Assembly did not intend to retroactively vest trial courts with jurisdiction that they previously lacked," *Braden I* at ¶ 22. But as we have already explained, the trial court had jurisdiction to waive court costs at the time of sentencing.

{¶ 27} In any event, a retroactivity analysis is unnecessary here because a statute is not retroactive if it merely " 'draws on antecedent facts for a criterion in its operation.' " *Schoenrade v. Tracy*, 74 Ohio St.3d 200, 204, 658 N.E.2d 247 (1996), quoting *United Eng. & Foundry Co. v. Bowers*, 171 Ohio St. 279, 282, 169 N.E.2d 697 (1960).

{¶ 28} In *State v. Roberts*, 134 Ohio St.3d 459, 2012-Ohio-5684, 983 N.E.2d 334, this court considered whether R.C. 2933.82, which obligates certain government entities to preserve and catalog criminal-offense-related biological

evidence, applies to evidence that was in the entities' possession when the statute became effective, *id.* at ¶ 1. The state argued that because Roberts was convicted in 1997 and the statute did not become effective until 2010, the statute did not apply to evidence collected in his case unless it was applied retroactively. *Id.* at ¶ 27. The state contended that because R.C. 2933.82 contains no express intent that it apply retroactively, it applies prospectively only and that it would be unfair to expect the state to have collected evidence in Roberts's 1997 case in accordance with procedures adopted in 2010. *Id.*

{¶ 29} This court rejected the state's argument and held that a retroactivity analysis was unnecessary. We reiterated that a statute is not retroactive merely because it draws on antecedent facts for a criterion in its operation. *Id.* at ¶ 29, citing *Schoenrade* at 204. We determined that R.C. 2933.82 merely draws upon antecedent facts because it applies to biological evidence already in the government's possession when the statute was enacted and that still exists. *See id.* at ¶ 30. And based on the statute's plain language, the government had an obligation to preserve and catalog evidence that still existed at the time of the statute's effective date. *Id.* at ¶ 31.

{¶ 30} Here, the antecedent facts are that the trial court imposed court costs at sentencing and some remained unpaid. R.C. 2947.23(C) does not compel or even allow a trial court to order reimbursement of court costs already paid. The statute merely gives the trial court continuing jurisdiction to waive, suspend or modify, in its discretion, the payment of costs if costs remain.

## CONCLUSION

{¶ 31} *Braden I* was decided in error. R.C. 2947.23(C) authorizes trial courts to waive, suspend or modify the payment of court costs imposed both before and after its effective date. We grant Braden's motion for reconsideration, vacate our decision in *Braden I*, answer the certified-conflict question in the affirmative, and reverse the judgment of the Tenth District Court of Appeals. On remand, the

court of appeals shall consider the substance of Braden's claim that the trial court erred in denying his motion to waive his court costs.

Motion for reconsideration granted,

judgment reversed,

and cause remanded.

O'CONNOR, C.J., and DONNELLY and STEWART, JJ., concur.

KENNEDY, J., dissents, with an opinion joined by DEWINE, J.

FISCHER, J., dissents, with an opinion.

_____

**KENNEDY, J., dissenting.**

{¶ 32} Because appellant, David L. Braden, has presented no valid basis for revisiting our prior decision in *State v. Braden*, ___ Ohio St.3d ___, 2018-Ohio-5079, ___ N.E.3d ___, I would deny reconsideration and reaffirm our holding that R.C. 2947.23(C) does not grant a sentencing court jurisdiction to waive, suspend, or modify the payment of the costs of prosecution imposed prior to the statute's effective date. I therefore dissent.

{¶ 33} It is not unprecedented for us to reconsider a decision after a change in this court's membership. *See, e.g.*, *State v. Gonzales*, 150 Ohio St.3d 276, 2017-Ohio-777, 81 N.E.3d 419; *State v. Aalim*, 150 Ohio St.3d 489, 2017-Ohio-2956, 83 N.E.3d 883; *Rocky River v. State Emp. Relations Bd.*, 43 Ohio St.3d 1, 539 N.E.2d 103 (1989). As the late Justice Antonin Scalia has remarked, "[o]verrulings of [United States Supreme Court] precedent rarely occur without a change in the Court's personnel." *South Carolina v. Gathers*, 490 U.S. 805, 824, 109 S.Ct. 2207, 104 L.Ed.2d 876 (1989) (Scalia, J., dissenting).

{¶ 34} Nonetheless, a perception that changes in the law result solely from changes in court composition would threaten our legitimacy as a court of law, as opposed to a court of individuals, and would invite defiance of our prior decisions by subordinate courts whenever such a change has occurred. We have therefore

adopted standards to be applied in deciding whether to grant reconsideration of a prior decision, and as one member of this court has observed, those standards are "onerous," *State ex rel. Allen Cty. Children Servs. Bd. v. Mercer Cty. Court of Common Pleas, Probate Div.*, 150 Ohio St.3d 230, 2016-Ohio-7382, 81 N.E.3d 380, ¶ 45 (O'Connor, C.J., dissenting).

{¶ 35} First, S.Ct.Prac.R. 18.02(B) forbids attempts to reargue the merits of a case in a motion for reconsideration. Yet Braden's motion for reconsideration presents the same statutory-construction arguments that he asserted in his opening brief on original submission of the case. His reconsideration motion also contends that he seeks only prospective relief, but he made that point in both his opening brief and his reply brief. And although he points to *Braden* as creating the unintended consequence of prohibiting the waiver or modification of costs even when an inmate "later came into a sum of money" or "the defendant's situation suffers a negative change," a core part of his argument on original submission was that sentencing courts need to be able to waive, suspend, or modify the payment of costs "if, at a later time, the inmate's financial situation changed." All these attempts to reargue the case should be rejected.

{¶ 36} Second, we may grant reconsideration when a motion raises a material issue that we did not fully consider when we should have. *See Aalim*, 150 Ohio St.3d 489, 2017-Ohio-2956, 83 N.E.3d 883, at ¶ 1. Braden asserts that we failed to consider his argument that the legislative history of the statute demonstrates the General Assembly's intent to abrogate our prior caselaw and apply R.C. 2947.23(C) to all offenders, regardless of the date of sentencing. However, our decision in *Braden* expressly acknowledged that argument, __ Ohio St.3d __, 2018-Ohio-5079, __ N.E.3d __, at ¶ 10, as well as the state's counterargument that resorting to legislative history is inappropriate when construing an unambiguous statute, *id*. at ¶ 11. It is therefore not true that we failed

to consider Braden's argument; we just did not find it relevant in applying the plain meaning of R.C. 2947.23(C).

{¶ 37} Third, we may grant reconsideration to " 'correct decisions which, upon reflection, are deemed to have been made in error.' " *Dublin City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 139 Ohio St.3d 212, 2014-Ohio-1940, 11 N.E.3d 222, ¶ 9, quoting *State ex rel. Huebner v. W. Jefferson Village Council*, 75 Ohio St.3d 381, 383, 662 N.E.2d 339 (1995). However, we have declined to reconsider a prior decision when the movant "does not call our attention * * * to an *obvious* error." (Emphasis added.) *Id.* at ¶ 10.

{¶ 38} Braden contends that our decision in *Braden* is inconsistent with our decision in *State v. Thompson*, 147 Ohio St.3d 29, 2016-Ohio-2769, 59 N.E.3d 1264. According to Braden, in *Thompson*, we applied a statute providing that the "sentencing court retains continuing jurisdiction to correct any error [relating to a jail-time credit] not previously raised at sentencing," R.C. 2929.19(B)(2)(g)(iii), to an offender who had been sentenced before the statute's effective date. This is not an issue that we failed to consider on original submission, because the dissenting opinion in *Braden* made this argument for him in the first instance. *See Braden* at ¶ 39-43 (French, J., dissenting). And as explained below, Braden does not point to any error—much less an obvious one—in our decision.

{¶ 39} In essence, Braden asks us to treat a decision that did not expressly decide an issue as being controlling in this case. The new majority agrees with Braden, explaining that the retroactive application of jail-time credit to Thompson was "inherent in our decision" because he was sentenced prior to the statue's effective date and because we "effectively rejected" the state's argument that the statute did not apply retroactively. Majority opinion at ¶ 11, 12.

{¶ 40} However, *Thompson* concerned only the narrow question whether an order denying a motion to correct a jail-time credit is a final order, *Thompson* at ¶ 3, and our analysis focused solely on whether the jail-time-credit statute created

a "special proceeding" that was not previously available to offenders, *id*. at ¶ 12-13. The question whether this special proceeding was available to Thompson specifically was not before this court, because the court of appeals had never passed on it in the first instance. And importantly, this court in *Thompson* did not engage in any statutory construction or attempt to explain what the phrase "retains continuing jurisdiction" means.

{¶ 41} We have long recognized that " 'a reported decision, although a case where the question might have been raised, is entitled to no consideration whatever as settling * * * a question not passed upon or raised at the time of the adjudication.' " (Ellipsis sic.) *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 11, quoting *State ex rel. Gordon v. Rhodes*, 158 Ohio St. 129, 107 N.E.2d 206 (1952), paragraph one of the syllabus. Writing for the majority in *Payne*, then Justice O'Connor noted that "we are not bound by any perceived implications that may have been inferred from" the prior reported decision. *Id*. at ¶ 12; *accord State ex rel. R.W. v. Williams*, 146 Ohio St.3d 91, 2016-Ohio-562, 52 N.E.3d 1176, ¶ 30 (French, J., dissenting) ("this court is not bound by perceived implications from its opinions"). This court's decision in *Thompson* does not provide the rule of decision in this case.

{¶ 42} And it is not true, as the new majority concludes, that "R.C. 2947.23(C) plainly allows trial courts to waive, suspend or modify court costs imposed before R.C. 2947.23(C)'s effective date," majority opinion at ¶ 16. The new majority reasons that "[b]ecause the trial court had the authority to waive the costs at the time of Braden's sentencing, R.C. 2947.23(C) merely clarified that the trial court *retained* the authority to waive the costs at any time after sentencing." (Emphasis added.) *Id.* at ¶ 22.

{¶ 43} But that analysis fails to acknowledge that prior to the enactment of R.C. 2947.23(C), a sentencing court did not *retain* continuing jurisdiction to waive, suspend, or modify the imposition of costs previously imposed on an offender. As

we explained in *State v. Clevenger*, absent statutory authority, a trial court could not suspend or waive the payment of court costs that were previously imposed at sentencing. 114 Ohio St.3d 258, 2007-Ohio-4006, 871 N.E.2d 589, paragraphs one and two of the syllabus. And at the time the trial court entered a sentence imposing costs on Braden, no statute authorized the court to retain jurisdiction to waive, suspend, or modify court costs imposed. The General Assembly did not grant trial courts continuing jurisdiction over an order imposing court costs until 2013, when it enacted R.C. 2947.23(C). But by then, the trial court in Braden's case no longer had jurisdiction to reconsider its own final order. *See State v. Gilbert*, 143 Ohio St.3d 150, 2014-Ohio-4562, 35 N.E.3d 493, ¶ 9; *State v. Raber*, 134 Ohio St.3d 350, 2012-Ohio-5636, 982 N.E.2d 684, ¶ 20.

**{¶ 44}** R.C. 2947.23(C) therefore does not "clarify" that the trial court has always retained jurisdiction over an order to pay court costs. The word "retain" means to "continue to have." *Webster's Third New International Dictionary* 1938 (2002). By using the word "retains" in the present tense—not "retained" in the past tense as the new majority would have it—the General Assembly provided that going forward from the effective date of the statute, a sentencing court continues to have jurisdiction over its imposition of court costs. However, a trial court cannot continue to have jurisdiction that it has relinquished upon issuance of a final order.

**{¶ 45}** The General Assembly provided that in a statute, "[w]ords in the present tense include the future," R.C. 1.43(C), but it did not say that words in the present tense include the past. Rather, R.C. 1.48 states that "[a] statute is presumed to be prospective in its operation unless expressly made retrospective." Here, R.C. 2947.23(C) is not expressly retroactive. The legislature used the present tense of the word "retain" in drafting this statute, and " 'a statute, employing operative language in the present tense, does not purport to cover past events of a similar nature,' " *Hyle v. Porter*, 117 Ohio St.3d 165, 2008-Ohio-542, 882 N.E.2d 899, ¶

22, quoting *Smith v. Ohio Valley Ins. Co.*, 27 Ohio St.2d 268, 276, 272 N.E.2d 131 (1971).

{¶ 46} Moreover, if the General Assembly had intended to grant trial courts the jurisdiction to reopen final orders, that would raise serious constitutional questions. Courts "condemn legislative encroachments that violate the separation of powers * * * by commanding that the courts reopen final judgments." *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, ¶ 53. As the court explained in *Bodyke*,

> It is well settled that a legislature cannot enact laws that revisit a final judgment. We have held for over a century that "the Legislature cannot annul, reverse, or modify a judgment of a court already rendered." *Bartlett v. State*, 73 Ohio St. [54] 58, 75 N.E. 939 [1905]. * * * "A judgment which is final by the laws existing when it is rendered cannot constitutionally be made subject to review by a statute subsequently enacted * * *." *Gompf v. Wolfinger* (1902), 67 Ohio St. 144, 65 N.E. 878, at paragraph three of the syllabus.

(Ellipses sic.) *Id.* at ¶ 55.

{¶ 47} Prior to the enactment of R.C. 2947.23(C), the trial court's order imposing court costs on Braden was a final judgment subject only to reversal on direct appeal. But if the new majority's interpretation of R.C. 2947.23(C) is correct, then the General Assembly has attempted to compel trial courts to reopen final judgments imposing costs on an offender in violation of the separation-of-powers doctrine. However, as we explained in *Bodyke*, " 'judgments cannot be deprived of their "finality" through statutory conditions not in effect when the judicial branch

gave its "last word" in the particular case.' " *Id.* at ¶ 55, quoting *People v. King*, 27 Cal.4th 29, 35, 115 Cal.Rptr.2d 214, 37 P.3d 398 (2002).

{¶ 48} There is a significant difference between a trial court's having once had jurisdiction to waive the payment of costs at sentencing and its having continuing jurisdiction to waive, suspend, or modify the payment of costs any time after sentencing. The plain language of R.C. 2947.23(C) demonstrates that the General Assembly did not intend to compel courts to reopen final orders imposing court costs and the statute applies to costs imposed only on or after its effective date.

{¶ 49} Here, the trial court ordered Braden to pay court costs at the sentencing hearing in 1999, he failed to move for a waiver, and his motion to waive the payment of all fines and costs is now barred by res judicata. Because R.C. 2947.23(C) is not applicable to his case, the court of appeals did not err in affirming the trial court's denial of Braden's motion, and the prior majority of this court correctly affirmed that judgment. Accordingly, I would deny the motion for reconsideration and reaffirm our decision in this case.

DEWINE, J., concurs in the foregoing opinion.

_____

**FISCHER, J., dissenting.**

{¶ 50} I too would deny appellant David Braden's motion for reconsideration and reaffirm our holding in *State v. Braden*, __ Ohio St.3d __, 2018-Ohio-5079, __ N.E.3d __, that R.C. 2947.23(C) does not grant a sentencing court jurisdiction to waive, suspend, or modify the payment of the costs of prosecution imposed prior to the statute's effective date.

{¶ 51} I write separately to emphasize, once again, my concerns with the practice of reconsidering cases at the beginning of a new term when this court's membership has changed following a recent election. *See State v. Gonzales*, 150 Ohio St.3d 276, 2017-Ohio-777, 81 N.E.3d 419, ¶ 24 (Fischer, J., concurring in part

and dissenting in part); *State v. Reese*, 150 Ohio St.3d 565, 2017-Ohio-2789, 84 N.E.3d 1002, ¶ 4 (Fischer, J., concurring in part and dissenting in part); *State v. Aalim*, 150 Ohio St.3d 489, 2017-Ohio-2956, 83 N.E.3d 883, ¶ 51 (Fischer, J., concurring in part and dissenting in part).

**{¶ 52}** Because both the law and the entire state of Ohio benefit from stability and certainty, *see* Hamilton, The Federalist No. 78 at 471 (Clinton Rossiter Ed.1961) ("To avoid an arbitrary discretion in the courts, it is indispensable that they should be bound down by strict rules and precedents * * *"), I continue to encourage this court to end this practice and to take a different approach.

**{¶ 53}** For these reasons, I respectfully dissent.

_____

Ron O'Brien, Franklin County Prosecuting Attorney, and Seth L. Gilbert, Assistant Prosecuting Attorney, for appellee.

Timothy Young, Ohio Public Defender, and Kathryn L. Sandford, Assistant Public Defender, for appellant.

_____