[Cite as *State v. Mallory*, 2020-Ohio-868.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-T-0025** |
| ANTONIO DARNELL MALLORY, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas.
Case No. 2018 CR 00505.

Judgment: Affirmed.

*Dennis Watkins*, Trumbull County Prosecutor; *Ashleigh Musick* and *Ryan J. Sanders*, Assistant Prosecutors, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Michael A. Partlow*, 112 South Water Street, Suite C, Kent, OH 44240 (For Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Antonio Darnell Mallory, appeals from the April 30, 2019 judgment of the Trumbull County Court of Common Pleas, denying appellant's motion to vacate payment of fines and/or court costs. The judgment is affirmed.

{¶2} Appellant was charged with four drug-related offenses by way of indictment on August 15, 2018. On December 21, 2018, appellant appeared with counsel and pled guilty to two counts: illegal conveyance of drugs of abuse onto

grounds of specified governmental facility (F3), in violation of R.C. 2921.36(A)(2)&(G)(2), and possession of cocaine (F5), in violation of R.C. 2925.11(A)&(C)(4)(a). In exchange, the state agreed to nolle the remaining counts. The trial court ordered a presentence investigation.

{¶3} Appellant was sentenced, on March 21, 2019, to a total prison term of nine months. At sentencing, the trial court informed appellant that he would be assessed the costs of the prosecution. Appellant neither objected nor requested a waiver of costs. The trial court waived all fines in the matter.

{¶4} On March 27, 2019, appellant filed a "Motion to Suspend/Waive Fines/Costs," on the basis that he does not have the financial means to pay any fines or costs. Appellant attached an affidavit of indigency, indicating he has no employment, income, or assets.

{¶5} The trial court denied the motion on April 30, 2019, stating: "The Court notes that no fine was imposed. The Court finds the motion is not well taken and is denied. Defendant to pay all court costs."

{¶6} Appellant appealed this order and raises one assignment of error for our review:

> THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY IMPOSING COURT COSTS UPON APPELLANT.

{¶7} "In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs." R.C. 2947.23(A)(1)(a). Nevertheless, "[a] trial court has discretion to waive the payment of court costs if the defendant is indigent." *State v.*

2

*Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, ¶264, citing *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, ¶14.

{¶8} In its responsive brief, the state asserts that appellant forfeited appellate review on the issue of court costs because he failed to move for waiver of costs at the time of sentencing. The state relies on a case from this court that held as much: *State v. Jones*, 11th Dist. Lake No. 2015-L-030, 2015-Ohio-2906 (holding, in part, that a motion to vacate court costs is barred by res judicata).

{¶9} The Supreme Court of Ohio recently clarified, however, that "the statute specifically provides an exception to res judicata when a defendant did not request waiver at sentencing or challenge his court costs on direct appeal." *State v. Braden*, Slip Opinion No. 2019-Ohio-4204, ¶23. "Effective March 22, 2013, the General Assembly enacted R.C. 2947.23(C) as a part of 2012 Am.Sub.H.B. No. 247." *Id.* at ¶18. The statute provides that a sentencing court "*retains jurisdiction* to waive, suspend, or modify the payment of the costs of prosecution, including any costs under section 2947.231 of the Revised Code, *at the time of sentencing or at any time thereafter*." R.C. 2947.23(C) (emphasis added).

{¶10} In light of *Braden*, it is evident that postconviction motions filed pursuant to R.C. 2947.23 are *not* barred by the doctrine of res judicata, and a trial court's ruling on these motions are final appealable orders. *See Braden*, *supra*, at ¶31 ("R.C. 2947.23(C) authorizes trial courts to waive, suspend or modify the payment of court costs imposed both before and after its effective date. * * * On remand, the court of appeals shall consider the substance of Braden's claim that the trial court erred in denying his motion to waive his court costs."). Accordingly, we decline to follow our holding in *Jones*.

3

{¶11} In sum, a sentencing court has discretion to waive the payment of court costs if the defendant is indigent, and the court retains jurisdiction to do so at any time after sentencing. A defendant does not forfeit appellate review of court costs if waiver is not requested at the time of sentencing. *Braden* and *Beasley*, *supra*; R.C. 2947.23.

{¶12} We therefore review a trial court's decision to grant or deny a request to waive court costs for an abuse of discretion. *State v. Goodman*, 11th Dist. Trumbull No. 2017-T-0068, 2018-Ohio-3015, ¶12, citing *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, ¶23. An abuse of discretion occurs when a trial court fails to "'exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶61, quoting *Black's Law Dictionary* (8th Ed.2004) 11.

{¶13} Appellant asserts "it [was] an abuse of discretion for [the] trial court to impose court costs without expressing any reasoning whatsoever." He contends "[t]he financial status of a criminal defendant can no longer be deemed 'irrelevant' since trial court[s] now have discretion in handling the imposition of court costs."

{¶14} The state responds that it was not an abuse of discretion for the trial court to impose statutorily mandated court costs on a defendant who pled guilty to the offense in question and who was fully aware of his requirement to pay court costs.

{¶15} The issue properly before this court is whether the trial court erred by failing to waive the payment of court costs—not whether the trial court erred in imposing court costs.

{¶16} When the trial court imposes court costs, the defendant's ability to pay is, in fact, irrelevant. R.C. 2947.23(A) requires a sentencing court to assess costs against *all* convicted criminal defendants. *Braden*, *supra*, at ¶20, citing *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, ¶11. *See also State v. White*, 103 Ohio St.3d 580,

4

2004-Ohio-5989, syllabus ("1. A trial court may assess court costs against an indigent defendant convicted of a felony as part of the sentence. 2. A clerk of courts may attempt the collection of court costs assessed against an indigent defendant.").

{¶17} If the defendant is indigent, however, the court is permitted—but not required—to waive the *payment* of those costs. *Braden, supra*, at ¶20, citing *Joseph, supra*, at ¶11, citing *State v. Clevenger*, 114 Ohio St.3d 258, 2007-Ohio-4006, ¶4. Thus, the defendant's ability to pay may be considered by the trial court when deciding whether to waive the payment of costs, but it has no duty to do so. Court costs are not financial sanctions, and a trial court is not required to consider an offender's ability to pay court costs. *See State v. Chionchio*, 11th Dist. Portage No. 2012-P-0057, 2013-Ohio-4296, ¶70, citing *State v. Taylor*, 11th Dist. Portage No. 2011-P-0090, 2012-Ohio-3890, ¶48. Nor is a trial court required to make findings when ruling on a motion to waive the payment of court costs. *See State v. Riley*, 11th Dist. Portage No. 2018-P-0031, 2019-Ohio-3327, ¶110 ("Ohio courts have consistently held that a sentencing court is only required to make findings when the applicable statute requires a finding.").

{¶18} The trial court's failure to consider appellant's ability to pay court costs was not error. We find no abuse of discretion in the trial court's decision not to waive the payment of court costs assessed against appellant.

{¶19} Appellant's sole assignment of error is without merit.

{¶20} The judgment of the Trumbull County Court of Common Pleas is affirmed.


MATT LYNCH, J.,

MARY JANE TRAPP, J.,

concur.