[Cite as *State v. Stoutamire*, 2020-Ohio-4533.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2020-T-0018** |
| DWAYNE A. STOUTAMIRE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 2007 CR 000148.

Judgment: Affirmed.

*Dennis Watkins*, Trumbull County Prosecutor, *Ashleigh Musick* and *Ryan J. Sanders*, Assistant Prosecutors, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Dwayne A. Stoutamire*, pro se, PID# A532-253, Northeast Ohio Correctional Center, 2240 Hubbard Road, Youngstown, OH 44505 (Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Dwayne A. Stoutamire, appeals the denial of his Motion to Waive Court Costs by the Trumbull County Court of Common Pleas. For the following reasons, we affirm the judgment of the court below.

{¶2} On May 14, 2007, following a jury trial, Stoutamire was found guilty of two counts of Having Weapons While Under Disability, Felonious Assault, Abduction, and Aggravated Robbery.

{¶3} On August 1, 2007, Stoutamire received an aggregate prison sentence of

thirty-four years.  It was further ordered that he "shall pay the cost of prosecution."

{¶4}   On March 9, 2020, Stoutamire filed a Motion to Waive Court Costs on the grounds that the amount due is "uncollectible."

{¶5}   On March 11, 2020, the trial court ruled as follows:

> This cause came to be heard upon the Motion of the Defendant, DWAYNE A. STOUTAMIRE, for an Order to Establish Payment Plan for Court Costs.  Upon review, the Court finds the Motion is well taken.  The Defendant is to pay a monthly payment plan of Five Dollars in this case.

{¶6}   On April 1, 2020, Stoutamire filed a Notice of Appeal.  On appeal, he raises the following assignments of error:

> [1.] The trial court abused its discretion when it failed to make any findings of fact.
>
> [2.] The trial court abused its discretion when it denied my motion to waive court costs.

{¶7}   "A court's denial of an indigent criminal defendant's motion for waiver of payment of costs is reviewed under an abuse-of-discretion standard."  *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, paragraph four of the syllabus.

{¶8}   "In all criminal cases, * * * the judge or magistrate shall include in the sentence the costs of prosecution * * * and render a judgment against the defendant for such costs."  R.C. 2947.23(A)(1)(a).  "The court retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution * * * at the time of sentencing or at any time thereafter."  R.C. 2947.23(C).  Construing these provisions, the Ohio Supreme Court has held that "R.C. 2947.23 requires a judge to assess costs against all convicted criminal defendants, and waiver of costs is permitted — but not required — if the defendant is indigent."  *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 14.

{¶9}   In the first assignment of error, Stoutamire argues that the trial court erred

2

by not making "any findings of fact" or "a determination if my court costs were ever due and collectible." Appellant's brief at 3. Neither circumstance, however, amounts to error.

{¶10} As to findings of fact, this court has held that they are not required. "Ohio courts have consistently held that a sentencing court is only required to make findings when the applicable statute requires a finding." *State v. Riley*, 2019-Ohio-3327, 141 N.E.3d 531, ¶ 110 (11th Dist.). Inasmuch as the statute is silent with respect to findings, a court is not "required to make findings when ruling on a motion to waive the payment of court costs." *State v. Mallory*, 11th Dist. Trumbull No. 2019-T-0025, 2020-Ohio-868, ¶ 17; *State v. Babyak*, 12th Dist. Madison No. CA2019-08-025, 2020-Ohio-325, ¶ 12 ("[a]s indicated by the plain language of the statute, the trial court is not required to make any findings or base its decision on any enumerated factors when considering a defendant's motion to waive costs").

{¶11} We acknowledge Stoutamire's point that, when a trial court does not make findings or otherwise explain its ruling on a motion, appellate review for abuse of discretion is more challenging, but that does not render appellate review impossible or ineffectual. Stoutamire's argument for waiving costs is part of the record before this court. The trial court essentially denied the Motion by establishing a payment plan for the outstanding costs. This court is capable of assessing whether the court's ruling is unreasonable, arbitrary, or unconscionable in light of Stoutamire's argument for waiving costs.

{¶12} In this regard, it is useful to bear in mind the "fundamental tenet" of appellate review that "[r]eviewing courts affirm and reverse judgments, not reasons." *State v. Atkinson*, 5th Dist. Muskingum No. 2020-Ohio-3122, ¶ 20, quoting *State v. Eschenauer*, 11th Dist. Lake No. 12-237, 1988 WL 121296, *4. As stated by Ohio's Supreme Court,

3

"it is the definitely established law of this state that where the judgment is correct, a reviewing court is not authorized to reverse such judgment merely because erroneous reasons were assigned as the basis thereof." *Agricultural Ins. Co. v. Constantine*, 144 Ohio St. 275, 284, 58 N.E.2d 658 (1944); *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 222, 631 N.E.2d 150 (1994).

{¶13} The first assignment of error is without merit.

{¶14} Stoutamire asserts that the trial court abused its discretion in denying the Motion to Waive Court Costs given that court costs are uncollectible: "I have presented numerous facts before the trial court that I am unable to pay these costs now or even in the future." Appellant's brief at 6.

{¶15} The present or future ability to pay court costs, however, is not even a necessary consideration when determining whether to waive costs much less a determinative consideration. The Ohio Supreme Court has recently held that "a trial court is not required to consider the defendant's ability to pay in assessing a motion to waive, suspend, or modify court costs under R.C. 2947.23(C), though it is permitted to do so." *State v. Taylor*, __ Ohio St.3d __, 2020-Ohio-3514, __ N.E.3d __, ¶ 16. "The statutory language provides no explicit criteria that a court should use in deciding whether to waive, suspend, or modify costs." *Id.* at ¶ 8.

{¶16} The issue before this court becomes whether it was an abuse of discretion for the trial court to establish a monthly payment plan in lieu of waiving costs. We conclude that it was not.

{¶17} "When collecting court costs from an indigent criminal defendant, the state may use any collection method that is available to collect a civil money judgment or may use R.C. 5120.133 to collect from a prisoner's account." *Threatt*, 108 Ohio St.3d 277,

4

2006-Ohio-905, 843 N.E.2d 164, at paragraph one of the syllabus. The statute referenced, R.C. 5120.133(A), "permits the Department of Rehabilitation and Correction to deduct payments toward a certified judgment from a prisoner's account without any other required proceeding in aid of execution." *Id.* at ¶ 13.

{¶18} We do not construe the trial court's order that Stoutamire make monthly payments of five dollars as self-executing. Rather, the State must comply with the procedures set forth in R.C. 5120.133(A) and the corresponding provisions of the Ohio Administrative Code. *See generally State v. Sands*, 11th Dist. Lake No. 2019-L-050, 2019-Ohio-4736, ¶ 12-16. The order that Stoutamire make modest monthly payments to satisfy his obligation for court costs, in light of the twenty-one years remaining in his prison sentence, is reasonable.

{¶19} We further note that it is within a trial court's discretion under R.C. 2947.23(C), to fashion a remedy with respect to costs irrespective of the relief requested. *State v. Braden*, 158 Ohio St.3d 462, 2019-Ohio-4204, 145 N.E.3d 235, ¶ 30 (R.C. 2947.23(C) "gives the trial court continuing jurisdiction to waive, suspend or modify, in its discretion, the payment of costs if costs remain").

{¶20} Accordingly, in *State v. Bacote*, 8th Dist. Cuyahoga Nos. 102991 and 102992, 2015-Ohio-5268, the inmate filed a motion to pay costs in $10 monthly installments. Instead of allowing the inmate to pay in installments, the trial court waived the payment of costs altogether. The State filed an appeal. The court of appeals, however, affirmed the trial court: "Here, Bacote affirmatively filed a motion in 2015 to pay the court costs associated with his 2011 cases in monthly installments. Rather than acceding to the requested payment plan, the trial court, in the alternative, vacated and waived all court costs. In light of R.C. 2947.23(C) * * *, we find the trial court had the

5

jurisdiction and discretion to vacate and waive Bacote's court costs." *Id.* at ¶ 7.

{¶21} Similarly, in *State v. Burmeister*, 11th Dist. Portage No. 2019-P-0053, 2019-Ohio-4927, the inmate filed a motion to use past community service performed in prison as a credit against current court costs and fines. The trial court rejected the argument proffered by the inmate and modified its original order "to allow Ms. Nagy the option of payment or community service." *Id.* at ¶ 21. The inmate appealed but this court affirmed the modification. "Quite simply, the 'discretion to [modify or] waive court costs includes the discretion not to [modify or] waive them.' *State v. Gilbert*, 8th Dist. Cuyahoga No. 104355, 2016-Ohio-8308, ¶ 6, citing *State v. Brown*, 8th Dist. Cuyahoga No. 103427, 2016-Ohio-1546, ¶ 13. This is especially so, where, as here, the appropriate relief was not requested." *Id.* at ¶ 22.

{¶22} The second assignment of error is without merit.

{¶23} For the foregoing reasons, the denial of Stoutamire's Motion to Waive Court Costs by the Trumbull County Court of Common Pleas is affirmed. Costs to be taxed against the appellant.


THOMAS R. WRIGHT, J.,

MARY JANE TRAPP, J.,

concur in judgment only.

6