[Cite as *State v. Watson*, 2023-Ohio-4142.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 23 COA 003 |
| MICHAEL WATSON | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal Appeal from the Court of Common Pleas, Case No. 19 CRI 194


JUDGMENT:      Affirmed


DATE OF JUDGMENT ENTRY:      November 16, 2023


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

CHRISTOPHER TUNNELL             TIMOTHY B. HACKETT
PROSECUTING ATTORNEY          ASSISTANT PUBLIC DEFENDER
NADINE HAUPTMAN                    250 East Broad Street
ASSISTANT PROSECUTOR           Suite 1400
110 Cottage Street, Third Floor       Columbus, Ohio 43215
Ashland, Ohio 44805

*Wise, J.*

{¶1}    Appellant Michael Watson appeals his sentence entered in the Ashland County Court of Common Pleas. Appellee is State of Ohio. The relevant facts leading to this appeal are as follows.

**STATEMENT OF THE FACTS AND CASE**

{¶2}    This is Appellant's third appeal of his case.

{¶3}    In 2020, Appellant entered a plea of guilty to two counts of aggravated murder, four counts of conspiracy to commit aggravated murder, two counts of attempted aggravated murder, aggravated battery, and aggravated robbery, all with accompanying firearm specifications. When the crimes were committed, Appellant was seventeen years old.

{¶4}    Appellant was sentenced on one count of aggravated murder, one count of attempted aggravated murder, and aggravated robbery. The parties agreed to a recommendation of life in prison with the possibility of parole in thirty years. The trial court sentenced Appellant to thirty-eight years to life in prison.

{¶5}    Appellant appealed this sentence as the trial court failed to consider Appellant's age as a mitigating factor when imposing a term of life imprisonment. This Court agreed and remanded to the trial court for resentencing.

{¶6}    After a new sentencing hearing the trial court ordered Appellant serve an aggregate prison term of forty-three years to life in prison. Watson again appealed the sentence, but this time the sentence was affirmed.

{¶7}    On September 7, 2022, during the pendency of Appellant's second appeal, Appellant filed a motion to waive, suspend, or modify payment of court costs.

**{¶8}** On January 11, 2023, the trial court denied Appellant's motion.

## ASSIGNMENTS OF ERROR

**{¶9}** Appellant filed a timely notice of appeal. He herein raises the following Assignment of Error:

**{¶10}** "I. THE TRIAL COURT SENTENCED MICHAEL WATSON TO A LIFE SENTENCE. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT IMPOSED COURT COSTS AND UNREASONABLY AND ARBITRARILY DENIED MICHAEL'S MOTION TO WAIVE, SUSPEND, OR MODIFY PAYMENT OF THE COSTS."

## I.

**{¶11}** In Appellant's sole Assignment of Error, Appellant argues the trial court abused its discretion in denying his motion to waive, suspend, or modify payment of court costs. We disagree.

**{¶12}** A decision to impose court costs is within a trial court's sound discretion. *State v. Braden*, 158 Ohio St.3d 462, 2019-Ohio-4204,145 N.E.3d 235, ¶30. The abuse of discretion standard is more than an error of law or judgment; it implies the court ruled arbitrarily, unreasonably, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

**{¶13}** R.C. §2947.23, in pertinent part, states:

(A)(1)(a) In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs.

* * *

(C) The court retains jurisdiction to waive, suspend, or modify the payment of prosecution, including any costs under section 2947.231 of the Revised Code, at the time of sentencing or at any time thereafter.

**{¶14}** "[A] trial court is not required to consider a defendant's ability to pay in assessing a motion to waive, suspend, or modify court costs under R.C. §2947.23(C), though it is permitted to do so." *State v. Taylor*, 161 Ohio St.3d 319, 2020-Ohio-3514, 163 N.E.3d 486, ¶16.

**{¶15}** Appellant argues costs should have been waived or modified because Appellant is spending forty-three years to life in prison and has a limited ability to pay or earn money. The trial court found that because Appellant is temporarily incarcerated, with the possibility of parole, he may be able to pay the costs in the future. Appellant disagrees with the trial court's assessment that Appellant's incarceration is temporary. However, this does not show the trial court made an arbitrary, unreasonable, or unconscionable decision.

**{¶16}** Therefore, as a trial court is not required to consider a defendant's ability to pay, and that the trial court is not required to waive, suspend, or modify payment of prosecution due to a lengthy prison term, the trial court did not abuse its discretion in denying Appellant's motion to waive, suspend, modify court costs.

**{¶17}** Accordingly, Appellant's sole Assignment of Error is overruled.

**{¶18}** For the foregoing reasons, the judgment of the Court of Common Pleas, Ashland County, Ohio, is hereby, affirmed.

By: Wise, J.

Hoffman, P. J., and

Baldwin, J., concur.

JWW/br 1026