**[Cite as *State v. Wyne*, 2025-Ohio-4712.]**

# IN THE COURT OF APPEALS OF OHIO
# THIRD APPELLATE DISTRICT
# LOGAN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

OWEN S. WYNE,

    DEFENDANT-APPELLANT.

CASE NO. 8-25-05

OPINION AND
JUDGMENT ENTRY

Appeal from Logan County Common Pleas Court
Trial Court No. CR 24 10 0202

**Judgment Affirmed**

**Date of Decision:  October 14, 2025**

APPEARANCES:

    *Christopher Bazeley* **for Appellant**

    *Eric C. Stewart* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Owen S. Wyne ("Wyne") brings this appeal from the judgment of the Common Pleas Court of Logan County convicting him of multiple felonies and sentencing him to an aggregate prison term of 14 years and 11 months to 16 years and 11 months. On appeal, Wyne claims that the trial court erred by overruling his motion to waive court costs. For the reasons set forth below, the judgment is affirmed.

{¶2} On January 23, 2025, Wyne entered guilty pleas to multiple felonies. The trial court held a sentencing hearing on February 26, 2025. At that time, the trial court imposed an aggregate prison term of 14 years and 11 months to 16 years and 11 months. The trial court also ordered Wyne to pay the costs of prosecution pursuant to R.C. 2929.18(A) and 2947.23. Wyne appeals from this judgment and on appeal raised the following assignment of error.

**The trial court abused its discretion when it overruled Wyne's motion to waive court costs.**

{¶3} The sole assignment of error challenges the trial court's imposition of court costs. R.C. 2947.23(A)(1)(a) provides that in all criminal cases, the trial court "*shall* include in the sentence the costs of prosecution under [R.C. 2947.231], and render a judgment against the defendant for such costs." R.C. 2947.23(A)(1)(a) (emphasis added). The Ohio Supreme Court has held that the statute makes the imposition of court costs mandatory on all convicted defendants. *State v. Taylor*,

2020-Ohio-3514. However, the statute also allows the trial court to "waive, suspend, or modify the payment of the costs of prosecution . . . at the time of sentencing or at any time thereafter." R.C. 2947.23(C). As a result, the trial court may waive the costs or prosecution, but is not required to do so if the defendant is indigent. *State v. Braden*, 2019-Ohio-4204, ¶ 20. The statute does not provide any criteria for determining when to waive, suspend, or modify costs. *Taylor* at ¶ 8. The decision to waive, suspend, or modify costs is reviewed using an abuse of discretion standard. *Braden*, at ¶ 21.

{¶4} We initially note that in this case no motion to waive the court costs was explicitly made prior to or during sentencing. The only mention of the costs by counsel was during sentencing when counsel stated the following:

> I think that it's a fair sentence. We would ask the Court follow that joint recommendation and also find that I was hired by his family, Your Honor, not by him personally, so any fines and costs that he would be indigent for those purposes.

Tr. 7. No further discussion was held regarding the court costs or fines. During the sentencing, no fine was imposed but the trial court did order Wyne to pay court costs. As no motion to waive the court costs was actually made, the trial court did not err by not ordering them to be waived.[1]

{¶5} Even if this Court were to consider counsel's statement as a motion to waive court costs, the record before us does not show that the trial court erred by

---

[1] We note that pursuant to R.C. 2947.23(C), the trial court retains jurisdiction to waive the collection of court costs at any time.

failing to grant the motion. The only statement from counsel was that Wyne's family was paying counsel's fees, not Wyne. No affidavit of indigency was filed and counsel made no further argument to the trial court as to why such a motion should be granted. As a result, this Court does not find that the trial court abused its discretion in ordering Wyne to pay court costs. The assignment of error is overruled.

{¶6} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Common Pleas Court of Logan County is affirmed.

***Judgment Affirmed***

**WALDICK, P.J. and ZIMMERMAN, J., concur.**

Case No. 8-25-05

# **<u>JUDGMENT ENTRY</u>**

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

 

 

 

John R. Willamowski, Judge

 

 

Juergen A. Waldick, Judge

 

 

William R. Zimmerman, Judge

DATED:
/hls